STEEL v. McCUTCHEN.

In reviewing the judgment of the circuit court, the supreme court will presume that the circuit court decided correctly until the contrary appears; especially when the supreme court is called upon to reverse the judgment of the circuit court for refusing to grant either a continuance or a new trial.

APPEAL from the circuit court of Morgan county.

*Wilson*, counsel for appellant:

The only point presented in this case, is the sufficiency of the affidavit. To show that the affidavit is sufficient, we refer to Tidd's Practice, vol. 2, page 709.

*Hayden*, counsel for appellee:

The counsel for McCutchen will insist that the circuit court committed no error in refusing the continuance upon the application of said Steel. By the 3d section of the statute regulating Practice at Law, 462 of the Digest, power is given to courts of record, for *good cause*, to continue causes.

TOMPKINS, Judge, delivered the opinion of the court.

Steel brought his action in the circuit court against McCutchen, where judgment being given against him, he appealed to this court.

At the second term of the circuit court, when, by law, he was required to be ready for trial, or show cause for a continuance, he prayed a continuance, and filed an affidavit, in which he stated that he could not safely go to trial for want of a witness who was material; that said witness had been summoned, and was not absent by any contrivance of the affiant, either direct or indirect; that he knew of no other person by whom he could prove the same facts; and that he believed he would be able to procure the attendance of the said witness at the then next term of that court. The circuit court refusing a continuance of the cause, the plaintiff took a non-suit, and then moved the court to set aside the non-suit, because a continuance had been improperly refused. This motion was overruled by the circuit court.

The circuit court, as it appears to me, committed no error in overruling this motion; for it might, perhaps, have appeared to the court in evidence that it was in the power of the plaintiff to procure the evidence of the witness by taking his deposition. If the witness were to be

found in the vicinity of the court, he might have procured an attachment to compel his attendance. We are bound to presume that the circuit court had a good reason for its decision, till the contrary be made to appear. Such has been the uniform course of this court, especially when it has been required to reverse a judgment of that court for refusing to grant either a new trial or continuance. Its judgment ought, then, in my opinion, to be affirmed, and this being the opinion of Judge Napton, it is affirmed.

APRIL TERM, 1839.

In reviewing the judgment of the circuit court, the supreme court will presume that the circuit court decided correctly until the contrary appears; especially when the supreme court is called upon to reverse the judgment of the circuit court for refusing to grant either a continuance or a new trial.